IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRAVIS BROWN,

   Plaintiff,

v.                                       Civil Action No.:  SAG-25-2174

SIEARA SAUNDERS.,

   Defendant.

**MEMORANDUM OPINION**

      Self-represented plaintiff Travis Brown filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted.  However, the Complaint must be dismissed for the reasons stated below.

      Plaintiff, a Maryland resident, brings this Complaint against Sieara Saunders, identified as an individual resident of Maryland who works as a nurse. ECF 1 at 2. Self-represented pleadings are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Plaintiff's Complaint suggests that its basis for federal jurisdiction rests on three federal criminal statutes: 18 U.S.C. §3571 (which Plaintiff lists as "slavery forced compliance" but is actually the statute providing for sentences of a fine in a criminal case), 18 U.S.C. § 872 (which Plaintiff lists as "extortion" but is actually "extortion by officers and employees of the United States"), and 18 U.S.C. § 3571 (which Plaintiff lists for a second time as "treason" but again is the provision for sentences of a fine). Even assuming that Plaintiff had identified the provisions of Title 18 he

seemingly intended to identify, Title 18 generally creates criminal offenses that the government may prosecute, not civil causes of action that may be brought by individual plaintiffs. *See* 18 U.S.C. § 1-5043 (titled "Crimes and Criminal Procedure"). Even as to any statutes under Title 18 that may include a civil cause of action, Plaintiff fails to allege facts supporting any such cause of action because he does not describe any actions that Sieara Saunders took. And while he also refers to the Thirteenth Amendment (presumably to the United States Constitution), there is no private cause of action under that amendment either. *See, e.g. Gomez v. Kern*, 2012 WL 1069186 at *2 (S.D. Fla. Mar. 28, 2012) ("The weight of authority indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes.") (collecting cases).

Federal courts are courts of limited jurisdiction. Ordinarily, a plaintiff must establish either diversity jurisdiction or federal jurisdiction to permit this Court to hear the case. Diversity jurisdiction allows federal courts to exercise original jurisdictions, in some circumstances, where the dispute is between "citizens of different States." 28 U.S.C. § 1332. That is not the case here because both Plaintiff and Defendant are from Maryland. Federal question jurisdiction exists where at least one of a Plaintiff's claims is brought pursuant to the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As described above, Plaintiff has neither identified any federal constitutional provision or law that would allow him to bring a private claim, nor has he alleged facts to plausibly state a claim of any sort against the named defendant.

Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants).  For the reasons above, this court lacks jurisdiction and Plaintiff has failed to state a claim on which relief can be granted.  His complaint must be dismissed without prejudice.

  A separate Order follows.


 July 9, 2025                        /s/
Date                           Stephanie A. Gallagher
                            United States District Judge